UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROGER R. BANCROFT,
        Petitioner

v.                                        C.A. No. 06-30181-MAP

COMMONWEALTH OF MASSACHUSETTS,
ET AL.,
        Respondents

## MEMORANDUM AND ORDER

PONSOR, D.J.

For the reasons stated below: (1) Petitioner's custodian, Eddie L. Pearson, Warden of the Powhatan Correctional Center in Statefarm, VA, shall be substituted as Respondent in this action, and the Springfield District Court and Hadley District Court shall be terminated from this action; (2) Petitioner's Application to Proceed *in forma pauperis* (#1) is Allowed; and (3) the clerk shall serve the petition and the Respondent shall file a Response to the petition as directed.

## BACKGROUND

On October 3, 2006, Petitioner Roger R. Bancroft, a prisoner at Powhatan Correctional Center, filed his self-prepared petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state criminal proceedings in the Springfield District Court and the Hadley District Court. Petitioner alleges Speedy Trial violations, and that he has not been appointed defense counsel to represent him throughout the criminal process. He claims he has not received any ruling on his Motions for a Speedy Trial and to Dismiss, filed in April and June of 2006, and therefore he has nothing to appeal, and is unable to exhaust state remedies.

Accompanying the petition was an Application to Proceed *in forma pauperis* (#1) along with Petitioner's prison account information.

## DISCUSSION

I.      The Application to Proceed *in forma pauperis* (#1).

Upon review of Petitioner's financial disclosures and prison account statement, this Court finds Petitioner lacks sufficient funds to pay the $5.00 filing fee for habeas petitions. Accordingly, Petitioner's Application to Proceed *in forma pauperis* (#1) is hereby Allowed.

II.     Substitution of Respondent

Here, in addition to the Commonwealth of Massachusetts, Petitioner has named the Springfield and Hadley District Courts as Respondents. The District Courts, however, are not the proper Respondents in a habeas petition, since they are not Petitioner's custodian.[1]

It is well settled that a writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. Here, Petitioner's legal custodian is the Eddie L. Pearson, Warden of the Powhatan Correctional Center, since he is the individual having the day-to-day control over the facility. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004); Vasquez v. Reno, 233 F.3d 688, 694 (1st Cir. 2000) (a petitioner's legal custodian is the individual having day-to-day control over the facility in which petitioner is being detained), cert. denied, *sub nom.* Vasquez v. Ashcroft, 122 S. Ct. 43 (2001).

The reason that the proper Respondent is deemed to be the individual with the day to day control over the Petitioner is because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."

---

[1] The Court will not, *sua sponte*, dismiss the Commonwealth of Massachusetts from this action at this time, as the Massachusetts Attorney General may be an interested party. However, the Court will entertain a motion to dismiss or to substitute with respect to the Commonwealth of Massachusetts at a future time, if such a motion is duly filed.

Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).  Section 2242 of Title 28 states in pertinent part that an application for a writ of habeas corpus "shall allege ... the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.  See Dunne v. Henman, 875 F.2d 244 (9th Cir.1989); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992) (a federal habeas petitioner's immediate custodian is the only party that can actually produce the body of the petitioner).  The custodian is an indispensable party to the petition, and failure to name the custodian deprives federal courts of *in personam* jurisdiction over the petition. Stanley v. California Supreme Court, 21 F.3d 359 (9th Cir.1994); Morehead v. California, 339 F.2d 170, 171 (9th Cir.1964).

Accordingly, the Court directs the clerk to correct the docket to reflect that Eddie L. Pearson, Warden of the Powhatan Correctional Center in Statefarm, VA is the proper Respondent in this action, and to terminate the Springfield and Hadley District Courts as Respondents.  If any party objects to this substitution, a written objection must be timely filed.

III.     Order for Service of the Petition

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of this Court shall serve a copy of the Petition for a Writ of Habeas Corpus by mailing copies of the same to (i) Eddie L. Pearson, Warden of the Powhatan Correctional Center, Statefarm, VA 23160; and (ii) Cathryn Neaves, Chief, Appellate Division, Attorney General for the Commonwealth of Massachusetts, One Ashburton Place, 18th Floor, Boston, MA  02108-1598.

It is Further Ordered that Respondent shall, within 20 days of receipt of this Order, file an answer (or other proper responsive pleading) to the Petition for Writ of Habeas Corpus, including

whether this action should be converted to a petition pursuant to 28 U.S.C. § 2241;[2] AND

This Court further requests Respondent, as part of the return, to file such documents which reflect on whether Petitioner has exhausted his available state remedies with respect to the matters raised by the Petition.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Petitioner's custodian, Eddie L. Pearson, Warden of the Powhatan Correctional Center in Statefarm, VA, shall be substituted as Respondent in this action, and the Springfield District Court and Hadley District Court shall be terminated from this action;

2. Petitioner's Application to Proceed *in forma pauperis* (#1) is Allowed; and

3. The clerk shall serve the petition and the Respondent shall file a Response to the petition as directed.

SO ORDERED.

/s/ Michael A. Ponsor

MICHAEL A. PONSOR
UNITED STATES DISTRICT JUDGE

DATED: October 24, 2006

---

[2]The current status of Petitioner's state criminal proceedings is not entirely clear. However, it appears Petitioner is not challenging a conviction or sentence of a Massachusetts state court, nor is it clear whether he is "in custody" under a sentence or conviction of a Massachusetts state court. Thus, the Court is unable to determine at this juncture whether Petitioner meets the jurisdictional requirements for pursuing habeas relief under § 2254. However, to the extent Petitioner challenges his continued custody as a pretrial detainee due to Speedy Trial violations (also not entirely clear), habeas relief may be pursued under 28 U.S.C. § 2241. The Court will not, *sua sponte*, convert this action into a petition under § 2241, but will permit the parties an opportunity to address this issue at a later time.