UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROGER R. BANCROFT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 06-30181-MAP |
| ) | |
| COMMONWEALTH OF MASSACHUSETTS, ) ET AL., ) | |
| ) | |
| Respondents. ) | |

## COMMONWEALTH'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PETITION

Respondent the Commonwealth of Massachusetts (the "Commonwealth") hereby submits this memorandum of law in support of its motion to dismiss the Habeas Corpus Petition (the "Petition") filed by Petitioner Roger R. Bancroft (the "Petitioner").[1]  Regardless of whether the Petition is characterized as asserting a claim under both §§ 2241 and 2254 of Title 28 of the United States Code, or solely under § 2241, it is improperly brought.[2]

## BACKGROUND

The Petitioner is currently an inmate at the Harrisonburg Diversion Center in Harrisonburg, Virginia.  (Order of May 23, 2007; Pet'r's Notice of Change of Address of April

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Order of May 23, 2007. The offering of such documents should not be construed as implying that the Commonwealth considers the Petitioner to have fully complied with the statutory exhaustion requirement.  In fact, the Commonwealth takes a position to the contrary, as discussed herein.

[2] Since the Petition must be dismissed for the grounds stated herein, the Commonwealth does not address herein the merits of the Petition.  Should this Court rule that the Petitioner may proceed with his habeas corpus action, the Commonwealth respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

10, 2007.)  On September 14, 2005, a criminal complaint against him was filed in the Hampshire County District Court in Hadley, Massachusetts, (the "Hadley District Court") on the following charges:  breaking and entering with intent to commit a misdemeanor, in violation of M.G.L. c. 266, § 16A; wanton destruction of property over $250, in violation of M.G.L. c. 266, § 127; larceny under $250, in violation of M.G.L. c. 266, § 30(1); and credit card fraud under $250, in violation of M.G.L. c. 266, § 37B(g).  (Hadley Docket No. 0598-CR-002083, a true and accurate copy of which is attached as <u>Exhibit A</u>.)  On that same date, a warrant for the Petitioner was issued and entered into the Massachusetts Warrant Management System ("WMS"), a system utilized by state agencies, <u>see</u> M.G.L. c. 276, § 23A (providing for system).  (<u>Id.</u>)

Then, on October 3, 2005, another criminal complaint against the Petitioner was filed in the same court.  (Hadley Docket No. 0598-CR-002297, a true and accurate copy of which is attached as <u>Exhibit B</u>.)  It charged him with the following:  breaking and entering into a vehicle or boat at nighttime for the purpose of committing a felony, in violation of M.G.L. c. 266, § 16; larceny over $250 in violation of M.G.L. c. 266, § 30(1); and malicious damage to a motor vehicle, in violation of M.G.L. c. 266, § 28.  (<u>Id.</u>)  A warrant for the Petitioner was issued and entered into the Massachusetts WMS that same day.  (<u>Id.</u>)

Notices regarding the two aforementioned warrants were mailed to the Petitioner at an address in Holyoke, Massachusetts, but they were both returned as undeliverable.  (Hadley Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.)  While notice of a warrant was posted with the National Criminal Information Center, such notice specifically provided that it did not call for extradition to Massachusetts.  (Warrant Query Display, a true and accurate copy of which is attached as <u>Exhibit C</u>.)

On April 7, 2006, the Petitioner filed a paper in connection with his two pending cases in the Hadley District Court in which he provided notice that he was incarcerated in the State of Virginia and demanded a speedy trial. (Hadley Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.) He then, in both cases, filed an updated notice of his whereabouts and request for a speedy trial on June 21, 2006, and a motion to dismiss for want of prosecution and violation of his right to a speedy trial on June 29, 2006. (Hadley Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.) The docket sheets in the Hadley District Court cases additionally reflect the court's receipt on July 31, 2006, and August 18, 2006, of other letters from the Petitioner regarding the status of his motion to dismiss, as well as its receipt on December 5, 2006 of a telephone call in which the Petitioner's father inquired about the status of his son's request for a speedy trial and provided a new address for him. (Hadley Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.) The docket further lists the court's receipt on January 26, 2007, of a letter from the Petitioner providing notice of his transfer to a different Virginia facility. (Hadley Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.)

According to the Petitioner's allegations, at least one criminal case is also pending against him in the Hamden County District Court in Springfield, Massachusetts (the "Springfield District Court"). (Pet.) However, the Petitioner has not provided any information concerning such a case. (Id.) In fact, he suggests that no case number has been assigned for it. (Id. ¶ 11(a).)

The instant federal habeas corpus action was commenced on October 3, 2006. As filed, the Petition named the Commonwealth of Massachusetts and the Hadley District Court and Springfield District Court as respondents and purported to assert a claim for habeas corpus relief under 28 U.S.C. § 2254. (Pet.; Order of Oct. 24, 2006.) The Petition is predicated on a claim

3

that the Petitioner's right to a speedy trial under the Sixth and Fourteenth Amendments to the United States Constitution have been violated with respect to the two pending prosecutions in the Hadley District Court and the one, unspecified, pending prosecution in the Springfield District Court. (Pet. ¶ 12.) Within its discussion of supporting facts, it adds that "[t]hey are even violating [the Petitioner's right to be heard" regarding his demands for a speedy trial and for dismissal. (Id.)[3]

The Petitioner acknowledges in the Petition that he has not yet been convicted or even tried in connection with the aforementioned cases. (Pet. ¶¶ 5, 6(c), 16(c).) He fails to allege that the Commonwealth has lodged any detainer against him in Virginia, and the Commonwealth is not aware of any such detainer having been lodged. (Pet.) While he indicates that he raised the issue of his right to a speedy trial in the Massachusetts district courts (Id. ¶¶ 2, 6(c), 10, 11, 12, 15, 16(c)), he concedes that he never raised that issue in any higher-level state courts (Pet. ¶¶ 8, 9, 11(d), 11(e), 12, 13). This is consistent with a search of the dockets of the Massachusetts appellate courts. (Mass. Appellate Courts Docket Search Printout, a true and accurate copy of which is attached as Exhibit D.)[4] The Petitioner does not ask to be released from his current confinement. (Pet.) Rather, the relief he demands is dismissal of his pending state prosecutions. (Id.)

In an Order issued on October 24, 2006, this Court substituted the warden of the Virginia facility where the Petitioner was then incarcerated as a respondent, and dismissed the Hadley

---

[3] The Petitioner did respond to certain questions under the "Ground Two," "Ground Three," and "Ground Four" sections of Paragraph 12 the Petition, and his assertion that his "remedy is for a dismissal" may have been intended to constitute "Ground Two" of the Petition. (Pet. ¶ 12.) Nevertheless, the Petition cannot be read as asserting any grounds for federal habeas corpus relief beyond what is stated above. (Pet.)

[4] The Massachusetts Appellate Courts Docket Search Printout represents the results of a search for cases in the Massachusetts appellate courts involving a party with the surname of "Bancroft."

District Court and Springfield District Court as respondents. (Order of Oct. 24, 2006.) Then, in an Order on May 23, 2007, this Court directed that the Petition be re-served to the warden of the Petitioner's new place of incarceration, the Harrisonburg Diversion Center and that an answer or other response be filed. (Order of May 23, 2007.) The Court further indicated that such a response should address whether the instant action should be converted into an action under 28 U.S.C. § 2241, noted in part that the Petitioner's status and the nature of his action were unclear, and observed that the Petitioner was apparently "not challenging a conviction or sentence of a Massachusetts state court." (Id.)

## ARGUMENT

This Court need not determine whether the Petitioner's action should be governed solely by 28 U.S.C. § 2241, or by both that statute and 28 U.S.C. § 2254.[5] Regardless of whether one or both statutes apply, this action cannot be maintained.

**I.    This action is barred by principles that apply under both §§ 2241 and 2254.**

    **A.    The Petitioner is not in custody as a result of the prosecutions challenged in his Petition.**

The instant action cannot be maintained, because the Petitioner is not in custody as a result of the Massachusetts prosecutions challenged in his Petition or any other action on the part of the Commonwealth. Section 2241 provides in relevant part for the issuance of a writ to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States," while § 2254 provides more specifically that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States."  Under both sections, habeas corpus relief based on a constitutional violation is only available to one who is "in custody" pursuant to the same state process attacked in his petition.  See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (quoting "in custody" language of 28 U.S.C. § 2241(c)(3) and additionally citing 28 U.S.C. § 2254(a), and stating that Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 488-89 & n.4 (1973) (evaluating whether Alabama prisoner was in custody as a result of Kentucky indictment under 28 U.S.C. § 2241(c)(3)).  This requirement is jurisdictional in nature.  Maleng, 490 U.S. at 490-91.

While the Petitioner here is apparently incarcerated pursuant to a judgment of a Virginia state court, he cannot be deemed "in custody" as a result of any of the Massachusetts prosecutions that he challenges.  Such prosecutions have not result in any criminal sentences or even convictions.  (Pet.; Hadley Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.)  Moreover, the Petitioner has not alleged that the Commonwealth has lodged any detainer against him with Virginia authorities, and the Commonwealth is aware of no such detainer.  (Pet.)  Accordingly, his situation is distinguishable from that in Braden, where a petitioner confined in Alabama was found to be "in custody" as a result of the Kentucky indictment attacked in his petition because the Kentucky authorities had lodged a detainer against him.  410 U.S. at 488-89 & n.4 (stating that "[s]ince the Alabama warden acts here as the agent of the Commonwealth of Kentucky in holding the petitioner pursuant to the Kentucky detainer, we have no difficulty in concluding that petitioner is 'in custody' for purposes of 28

---

[5] Federal habeas corpus actions of all types are governed by 28 U.S.C. § 2241.  Section 2254 of Title 28 sets forth additional provisions applicable to the more specific category of cases involving prisoners who are "in custody pursuant to the judgment of a State court."

U.S.C. § 2241(c)(3)," and declining to decide whether petitioner would be "in custody" in absence of detainer); see also Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("[In Braden,] [n]oting that the petitioner sought to challenge 'a confinement that would be imposed in the future,' [the Court there] held that petitioner was 'in custody' in Kentucky *by virtue of the detainer*" (emphasis added) (quoting Braden, 410 U.S. at 488-89)).  Furthermore, even the warrants issued in his Hadley District Court cases do not place any restraint on him in Virginia at this time, because they do not call for extradition to Massachusetts.  (Warrant Query Display.) Thus, it cannot be said that, *as a result of the pending Massachusetts prosecutions*, he is "subject to restraints 'not shared by the public generally,'" his "freedom of movement rests in the hands of state judicial officers, who may demand his presence at any time and without a moment's notice," and that his incarceration is more than "a speculative possibility that depends on a number of contingencies over which he has no control."  Hensley v. Municipal Court, 411 U.S. 345, 351-52 (1973) (quoting Jones v. Cunningham, 371 U.S. 236, 240 (1963)).  There thus remains no basis to conclude that he is in custody as a result of any action or inaction on the part of the Commonwealth.  In light of the fact that this jurisdictional requirement is not satisfied here, dismissal is warranted.

### B. **The Petitioner has failed to satisfy the requirement that he first exhaust state remedies.**

The Petitioner is barred from pursuing this action, because he failed to satisfy the requirement that he exhaust state remedies with respect to all claims in his Petition before filing it. This exhaustion requirement has been codified at 28 U.S.C. § 2254 with respect to actions commenced by those in custody pursuant to state-court judgments.  The statute provides in relevant part as follows:

>    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>    (A) the applicant has exhausted the remedies available in the courts of the State;  or
>
>    (B)(i) there is an absence of available State corrective process;  or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>     . . .
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, Title I, § 104, 110 Stat. 1218 (effective April 24, 1996).

The exhaustion requirement was recognized under the common law long before its insertion into § 2254, however.  See, e.g., Darr v. Burford, 339 U.S. 200, 203-19 (1950) (discussing history of exhaustion doctrine), overruled in non-relevant part by Fay v. Noia, 372 U.S. 391 (1963).  Accordingly, it applies with equal force in habeas corpus actions by state prisoners that are not governed by that statute.  See Braden, 410 U.S. at 489-92 (evaluating whether Alabama prisoner who challenged Kentucky indictment by way of § 2241 petition had exhausted state remedies); Lyon v. Harkness, 151 F.2d 731, 732-33 (1st Cir. 1945) (concluding that exhaustion requirement did not apply only to petitioners being held under state-court judgments of conviction, and also applied to petitioner "being held under executive process of a state of asylum for delivery to a demanding state there to answer a charge of crime"); see also Higgins v. State of Rhode Island, 187 F.3d 622, 1998 WL 185812, at *1 (1st Cir. 1998) (unpublished) (making clear that "a § 2241 habeas petition[er] must exhaust his available state

court remedies" and concluding that petitioner had not met his burden of demonstrating that he did so with respect to his speedy trial claim).

The requirement is primarily designed to promote comity in our system of federalism, as the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state court's role in the enforcement of federal law and prevent disruption of state judicial proceedings. . . . Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr, 339 U.S. at 204); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights."); Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) (explaining that exhaustion requirement embodies "the federal sovereign's respect for the state courts' capability to adjudicate federal rights"); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 819 (1st Cir. 1988) (noting that exhaustion requirement "ensures that state courts have the first opportunity to correct their own constitutional errors," enables federal courts to accord appropriate respect for state sovereignty, and promotes comity by minimizing friction between federal and state justice systems). An additional benefit of the requirement is that "claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." Rose, 455 U.S. at 519.

In light of these important purposes, a petitioner will not be found to have satisfied the exhaustion requirement unless each and every claim in his petition has been exhausted. See id. at 510, 518-20. This rule is designed to encourage petitioners to exhaust all claims and present the federal court with a single petition, rather than piecemeal litigation. Id. at 520. It also "relieve[s] the district courts of the difficult if not impossible task of deciding when claims are related," and it reduces the risk that they will consider unexhausted claims. Id at 519.

Moreover, it is not sufficient for a petitioner to raise his federal the claim merely through a motion in state trial court or even an appeal to an intermediate court. Rather, he must "present, or do his best to present, his federal claim to the state's highest tribunal." Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997); see also Mele, 850 F.2d at 819-20 (stating that it has long been the rule that power of highest state court must be exhausted before federal court will consider questions posed in habeas petition; affirming that "[i]t is not enough merely to raise an issue before an intermediate court; one who seeks to invoke the federal habeas power must fairly present – or do his best to present – the issue to the state's highest tribunal"; and noting that Massachusetts petitioner was obliged to try to bring his constitutional objections before SJC to preserve them for federal habeas review).

Furthermore, a claim will be found exhausted only if both its factual and federal legal bases have been presented to state courts. See Nadworny, 872 F.2d at 1096 (stating that state prisoner must present both factual and legal underpinnings of claim to state courts for exhaustion requirement to be found satisfied); see also Adelson, 131 F.3d at 262 (noting that "setting forth the factual underpinnings of a claim is insufficient, in and of itself" as the "petitioner must also elucidate the legal foundation of his federal claim"). Thus, "a habeas petitioner bears a heavy

10

burden" to show that his claims were "fairly and recognizably presented to the state courts." Adelson, 131 F.3d at 262.

The Petitioner here cannot come close to meeting this burden. There is no indication that he has made any attempt to assert any of the claims in his Petition to any appellate court in Massachusetts. (Mass. Appellate Courts Docket Search Printout.) Indeed, the Petitioner himself established in his Petition that he has raised the issue of his right to a speedy trial only in Massachusetts district courts. (Pet. ¶¶ 8, 9, 11(d), 11(e), 12, 13.) His failure to exhaust state remedies could not be more plain.

The Petitioner's failure to exhaust state remedies provides an additional basis for dismissal of his Petition. See, e.g., Rose, 455 U.S. at 510 (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims); Duckworth, 454 U.S. at 4 ("Because obvious constitutional errors, no less than obscure transgressions, are subject to the requirements of § 2254(b), the Court of Appeals was obligated to dismiss respondent's petition.").

**III.   To the extent that this action is governed by § 2254, it is improper for additional reasons.**

   **A.   The Petition challenges criminal prosecutions that have not resulted in judgments.**

To the extent that the Petition is treated as one governed by § 2254, it is additionally defective, because it challenges criminal prosecutions that have not yet resulted in judgments. Section 2254 authorizes a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court . . . ." 28 U.S.C. § 2254 (emphasis added). Accordingly, "[t]he first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" Lackawanna County Dist. Attorney v.

11

Coss, 532 U.S. 394, 401 (2001) (concluding that petitioner could not bring habeas petition directed solely at convictions for which he was no longer serving sentences); see also Allen v. Attorney General, 80 F.3d 569, 572 (1st Cir. 1996) (indicating, in affirming dismissal of § 2254 habeas corpus petition seeking to block state prosecution, that "[o]rdinarily, a state criminal case is ripe for the ministrations of a federal habeas court only after completion of the state proceedings (that is, after the defendant has been tried, convicted, sentenced, and has pursued available direct appeals)," but recognizing exception where petitioner claims that trial would constitute double jeopardy); Benson v. Superior Court Dep't of the Trial Court, 663 F.2d 355, 358 (1st Cir. 1981) (indicating that § 2254 "applies only to petitions filed after the state has rendered a judgment" and thus did not afford a "source of power" applicable to the case at bar, that "while it may be possible [under 28 U.S.C. § 2241] for a court to consider issuing a writ before the trial has taken place and before the state court has had a chance to decide the constitutional issue, the circumstances under which this should be allowed must be very carefully examined"); Prince v. Bailey, 464 F.2d 544, 545 (5th Cir. 1972) (concluding that district court lacked jurisdiction to consider habeas petition, because at the time of its filing, the petitioner was incarcerated awaiting trial and thus "was not in custody of [state] authorities 'pursuant to the judgment of a State court', 28 U.S.C.A. § 2254(a)"); Higgins, 187 F.3d 622, 1998 WL 185812, at *1 ("[Section] 2254 was wholly inapplicable as a basis for jurisdiction. Section 2254 pertains to a prisoner in custody pursuant to a *judgment of conviction* of a state court and [the petitioner] has not yet been convicted of the pending [state] charges." (emphasis in original)). Here, as noted, the prosecutions under attack are far from reaching the point of judgment. (Pet.) Indeed, at least in the Hadley District Court cases, the Petitioner has not even been arraigned. (Hadley

12

Docket No. 0598-CR-002083; Hadley Docket No. 0598-CR-002297.)  This fact provides yet another basis for dismissal if the Petition is viewed as asserting a claim under § 2254.

### B. The Petitioner may not challenge the prosecutions in multiple courts within a single petition.

Even aside from the bars to relief discussed above, the Petition must be found improper because it purports to challenge prosecutions in two different state courts.  Specifically, the Petitioner alleges that his right to a speedy trial has been violated in connection with his prosecutions in both the Hadley District Court and the Springfield District Court.  (Pet.)  Such an approach is not permitted under the Rules Governing Section 2254 Cases, which provide as follows:

> A petition shall be limited to the assertion of a claim for relief against the judgment or judgments of a single state court (sitting in a county or other appropriate political subdivision).  If a petitioner desires to attack the validity of the judgments of two or more state courts under which he is in custody or may be subject to future custody, as the case may be, he shall do so by separate petitions.

Rules Governing Section 2254 Cases R. 2(d) & advisory comm.. notes (making clear that a "single state court" denotes "a court of the same county or judicial district or circuit"); see also Thompson v. Missouri Bd. of Probation & Parole, 39 F.3d 186, 189 (8th Cir. 1994) (stating that Rule 2(d) "clearly does not allow [the petitioner] to challenge both [a conviction in one county] and [a conviction in another county] in one § 2254 petition").  This pleading defect constitutes yet another way in which the Petition fails to conform to the statutory provisions and rules governing § 2254 cases.

### IV. The Petitioner is not entitled to a writ of habeas corpus ad prosequendum under 28 U.S.C. § 2241(c)(5).

While § 2241 additionally provides for the issuance of a writ of habeas corpus ad prosequendum "to bring him into court . . . for trial," 28 U.S.C. § 2241(c)(5), that form of relief

13

is no more available to the Petitioner here than an order dismissing his state prosecutions. First, the Petitioner has not requested the issuance of such a writ, but is seeking only dismissal. (Pet.) Second, such a writ is properly issued only by the court where the subject of the writ is to be tried. See, e.g., Huston v. State of Kansas, 390 F.2d 156, 157 (10th Cir. 1968) (declining to issue writ of habeas corpus ad prosequendum directing state to try federal prisoner who claimed that state was denying him a speedy trial, explaining that "[t]he writ's use has been to bring a defendant in the custody of another sovereign to trial before the court issuing the writ. In order for the writ of habeas corpus ad prosequendum to be used to bring appellant to trial in a Kansas state court, the writ must issue from that court." (citations omitted)). The Petitioner here would be tried in a court and a jurisdiction other than the one issuing the writ. Third, the issuance of such a writ would only be effective if accompanied by an order from this Court directing the Commonwealth of Massachusetts to try the Petitioner. The issuance of such a directive by a federal court to a state court would offend the same principles of federal-state comity discussed in the section above. Accordingly, even this form of writ cannot be granted here.

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss Petition should be allowed, and the Petition should be dismissed in its entirety.

                                        Respectfully submitted,

                                        MARTHA COAKLEY
                                        Attorney General

                                        /s/ Randall E. Ravitz
                                        Randall E. Ravitz (BBO # 643381)
                                        Assistant Attorney General
                                        Criminal Bureau
                                        One Ashburton Place
                                        Boston, Massachusetts  02108
                                        (617) 727-2200, ext. 2852

Dated:  July 10, 2007

## CERTIFICATE OF SERVICE

      I hereby certify that, on the date set forth below, I served a true copy of the foregoing by first-class mail, postage prepaid, upon:

Roger R. Bancroft
No. 46418
Harrisonburg Diversion Center
6624 Beard Woods Lane
Harrisonburg, VA  22802

pro se

Peter Van Acker
Superintendent
Harrisonburg Diversion Center
6624 Beard Woods Lane
Harrisonburg, VA  22802


Dated:  July 10, 2007                                        /s/ Randall E. Ravitz